UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENYATTA MITCHELL as Administrator for the Estate of Jeff Tyson, deceased, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-00232-SEB-TAB |
| CITY OF INDIANAPOLIS, et al. | ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

On August 6, 2019, Plaintiffs filed a Motion for Leave to File Second Amended Complaint in order to correct a typographical error in Defendant Officer Nicholas Wroblewski's name. Plaintiffs' first amended complaint incorrectly spelled Officer Wroblewski's name as "Wrobleski." The sole purpose of Plaintiffs' motion to amend is to correct the misspelling.

We referred the motion to Magistrate Judge Tim Baker, who found that the motion was supported by good cause and that Defendants' objection to the motion based on claims of prejudice, futility, and the like were unwarranted. He therefore granted the motion. Defendants have now appealed from that ruling by timely objection under Federal Rule of Civil Procedure 72(a).

1

For the reasons detailed below, Defendant's objection is overruled.

## Standard of Review

A magistrate judge's ruling on nondispositive matters will not be set aside by the district judge unless clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

## Discussion

The primary grounds for Defendants' objection are that Plaintiffs have not demonstrated they were diligent in discovering and correcting the error in the spelling of Officer Wroblewski's name, and thus, have failed to establish "good cause" under Federal Rule of Civil Procedure 16(b)(4) for amending their complaint outside the deadline set forth in the Court's scheduling order.[1] The Seventh Circuit has stated that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quotation marks and citation omitted). While we agree that Plaintiffs should have been more diligent in discovering the misspelling of Officer Wroblewski's name and taking prompt action to correct the error, we nonetheless hold

---

[1] Defendants do not object to the Magistrate Judge's ruling on any substantive grounds other than Rule 16.

that the Magistrate Judge's finding that sufficient "good cause" existed to excuse the lateness of the requested amendment is not clearly erroneous or contrary to law.

Plaintiffs have brought this lawsuit against the City of Indianapolis ("the City") and four named police officers, including "Nicholas Wrobleski." The City was put on notice of the lawsuit against Officer Wroblewski when it was served with Plaintiffs' first amended complaint. Although his name was misspelled, given the distinctiveness of his surname and the detailed allegations set forth in the first amended complaint, the City should have known that but for this one-letter mistake, the action would have been brought against Officer Wroblewski. Knowledge on Defendants' part is evidenced by the fact that counsel for the City represented Officer Wroblewski at a deposition in this case and the City has otherwise defended him in this lawsuit as if he were properly named. Despite this, the City never brought the misspelling to Plaintiffs' attention until they filed their motion for summary judgment—long after the deadline to amend had passed—seeking dismissal for Officer Wroblewski based on insufficient service as well as on grounds that the named police officers are entitled to qualified immunity. This is what our much beloved and missed former colleague, the late S. Hugh Dillin, referred to as "hiding in the bushes," a practice he would not countenance in the cases he adjudicated. Following his example as we have on innumerable occasions over the years, neither will we permit this practice. Given the fact that Plaintiffs' error has not prejudiced Officer Wroblewski's ability to defend himself in this lawsuit, we affirm the Magistrate Judge's

ruling as being neither clearly erroneous nor contrary to law. Defendants' summary judgment motion is unaffected by this ruling and will be addressed in due course.

IT IS SO ORDERED.

Date: 9/20/2019

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Faith Elizabeth Alvarez
LEE COSSEL & CROWLEY LLP
falvarez@nleelaw.com

Traci Marie Cosby
OFFICE OF CORPORATION COUNSEL
Traci.Cosby@indy.gov

Nathaniel Lee
LEE COSSEL & CROWLEY LLP
nlee@nleelaw.com

John Michael Lowery
LEE BURNS COSSELL & KUEHN
jlowery@nleelaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov