UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENYATTA MITCHELL as Administrator for )
the Estate of Jeff Tyson, deceased, )
DOMINIQUE TYSON, )
 )
      Plaintiffs, )
 )
      v. )   No. 1:18-cv-00232-SEB-TAB
 )
CITY OF INDIANAPOLIS, et al. )
 )
      Defendants. )

## ORDER ON PLAINTIFFS' MOTION
## TO REOPEN DISCOVERY AND FOR SANCTIONS

### I. Introduction

This contentious matter is before the Court on Plaintiffs' motion to reopen discovery and for sanctions [Filing No. 84]. Plaintiffs allege Defendants designated new items of evidence [Filing Nos. 60-2 and 60-3] with their reply brief in support of Defendants' motion for summary judgment that Plaintiffs requested during discovery but Defendants failed to produce, resulting in unfair surprise. Defendants counter first by asserting that Plaintiffs violated Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1(a). Defendants further contend they raised numerous objections to Plaintiffs' discovery requests and Plaintiffs did not follow up on those objections or seek clarity on Defendants' responses at that time. For reasons explained in more detail below, Plaintiffs have not demonstrated that good cause exists to reopen discovery. Accordingly, Plaintiffs' motion to reopen discovery and for sanctions is denied.

## II.     Background

The parties appeared by counsel on April 10, 2018, for an initial pretrial conference. [Filing No. 11.]  On April 13, 2018, the Court entered a case management order that provided the following deadlines: a non-expert witness discovery deadline of November 24, 2018, a dispositive motion deadline of January 24, 2019, and a final discover deadline of May 24, 2019. [Filing No. 11, at ECF p. 6.][1]  On June 20, 2018, Defendants responded to Plaintiffs' interrogatories and requests for production of documents.  [Filing No. 58-19; Filing No. 84-1.] Defendants' responses included numerous objections for vagueness, ambiguity, and over-broadness.  [Filing No. 58-19, Filing No. 84-1.]

Defendants filed a motion for summary judgment in March 2019.  [Filing No. 41.]  On June 21, 2019, after receiving Plaintiffs' response, Defendants filed their reply in support of Defendants' motion for summary judgment [Filing No. 60].  Defendants' reply included eight attachments, two of which are the subject of the underlying dispute and contained evidence Plaintiffs had never seen before receiving Defendants' reply brief [Filing Nos. 60-2 and 60-3]. Plaintiffs filed a motion for leave to file a sur-reply to new evidence not yet received, which is still pending.  [Filing No. 67.]

On August 28, 2019, Plaintiffs filed the underlying motion to reopen discovery and for sanctions.  [Filing No. 84.]   Defendants responded on September 11, 2019.  [Filing No. 86.]  On September 23, 2019, Plaintiffs filed a reply.  [Filing No. 89.]  Defendants immediately moved to strike Plaintiffs' reply due to its belatedness, noting that it was due within seven days of Defendants' response but filed five days late.  [Filing No. 90, at ECF p. 1.]  Plaintiffs subsequently filed a motion seeking leave to file belated reply.  [Filing No. 91.]  The Court

---

[1] The Court later extended the fact discovery deadline to January 30, 2019.  [Filing No. 36.]

denies Defendants' motion to strike [Filing No. 90] and grants Plaintiffs' motion for leave to file reply [Filing No. 91], for the limited purpose of allowing Plaintiffs to address Defendants' response brief.

### III. Discussion

#### A. Preliminary Issue: Meet and Confer

As a preliminary matter, Defendants contend that Plaintiffs' motion should be denied because Plaintiffs failed to comply with the good faith meet and confer requirements of Fed. R. Civ. P. 37 or S.D. Ind. L.R. 37-1(a) before or when moving to reopen discovery and for sanctions. [Filing No. 86, at ECF p. 1.] Defendants categorize Plaintiffs' motion as a formal discovery motion and allege that prior to filing it, Plaintiffs' counsel simply sent Defendants' counsel an email which stated: "Plaintiffs plan to move to reopen discovery. Please let me know if you object." [Filing No. 86, at ECF p. 1-2.] Plaintiffs argue that while rooted in discovery, the underlying issue is not a traditional discovery dispute, such as a motion to compel, but rather emerged in a pending dispositive motion. [Filing No. 91-2, at ECF p. 1.] Plaintiffs contend that the underlying issue is more complex than a traditional discovery dispute and that the Court and the parties benefitted from a full briefing. [Filing No. 91-2, at ECF p. 1.]

Local Rule 37-1(a) states: "Prior to involving the court in *any* discovery dispute. . . counsel must confer in a good faith attempt to resolve the dispute." S.D. Ind. L.R. 37-1(a) (emphasis added). If conferring with counsel does not resolve the issue, "counsel shall contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion." *Id*. While the underlying issue in this case

may be more complex than a traditional discovery dispute, both sides at least acknowledge it is rooted in discovery. Thus, S.D. Ind. L.R. 37-1(a) applies.

A good-faith attempt to discuss and resolve this dispute prior to filing a formal motion to reopen discovery potentially could have prevented the "breakdown in communication between counsel" that Plaintiffs recognize has now occurred. [Filing No. 91-2, at ECF p. 9.] Moreover, it would have at least provided the parties with a chance to informally address possible misunderstandings, which will be addressed in more detail below. Nevertheless, because the breakdown between counsel is evident and briefing has already been completed, the Court need not further delay resolution of this matter. *See, e.g., Felling v. Knight*, No. IP01-0571-C-T/G, 2001 WL 1782361, at *1 (S.D. Ind. Dec. 21, 2001) ("The court finds Knight's assertions in this regard factually deficient and insufficient to meet the requirements of L.R. 37-1. On the other hand, the briefs leave little doubt the parties will not reach mutual agreement on the issues raised. Therefore, the court will address the underlying issues rather than deny Knight's motion solely on the basis of a procedural shortcoming. To hold otherwise would do little other than delay resolution of these issues, which have now been fully briefed.").

**B. Plaintiff's Request to Reopen Discovery**

Plaintiffs seek to reopen discovery for the "limited purpose" of deposing three individuals, in addition to serving interrogatories and requests for production of documents related to the policy investigation of an incident that occurred on July 21, 2016. [Filing No. 84, at ECF p.1-2.] "[A] district court enjoys broad discretion, within the Federal Rules of Civil Procedure, to determine the manner and course of discovery." *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A discovery deadline schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Flint v.*

*City of Belvidere*, ,791 F.3d 764, 768 (7th Cir. 2015) ("A decision to deny reopening discovery is reviewed for abuse of discretion. That discretion is considerable: case management depends on enforceable deadlines, and discovery must have an end point. In managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." (Internal citations and quotation marks omitted)).

Defendants cited and attached as exhibits to their reply brief in support of Defendants' motion for summary judgment new evidence which Plaintiffs allege was available to Defendants during discovery, and favorable to Plaintiffs' claims, but not produced at any time prior to Defendants' reply brief. [Filing No. 84, at ECF p.1.] Thus, Plaintiffs contend that Defendants neglected their duty to supplement discovery under Fed. R. Civ. P. 26. Plaintiffs' argument centers on two attachments: (1) the July 26, 2016, audio statement of Darryan Whorton [Filing No. 60-2]; and (2) the July 26, 2016, photo array of Jeff Tyson [Filing No. 60-3]. Plaintiffs cite to numerous interrogatories and requests for production which they say should have prompted Defendants to produce this evidence. [Filing No. 84, at ECF p. 4-5.] Defendants methodically address every interrogatory and request for production that Plaintiffs claim Defendants should have supplemented and explain why the evidence at issue did not relate to those requests.

In relation to Whorton's statement [Filing No. 60-2], Plaintiffs specifically cite to the following discovery requests: Interrogatory Nos. 15 and 16, and Requests for Production Nos. 2, 19, 20, 22, 28, 29, 43, and 45. [Filing No. 84, at ECF p. 5.] As for the July 26, 2016, photo array [Filing No. 60-3], Plaintiffs cite: Requests for Production Nos. 4, 14, 19, 20, 22, 28, 29, 43, and 45. [Filing No. 84, at ECF p. 4.] Defendants go through a detailed analysis of each of these discovery requests, first citing the objections Defendants made to those requests at the time they

were received and then explaining why this newly cited evidence was inapplicable to that request. [Filing No. 86, at ECF p. 7-11.]

With both pieces of evidence, Defendants argue that the new evidence relates not to the shooting investigation at the heart of this case, but rather a robbery investigation stemming from events that occurred on July 21, 2016. [Filing No. 86, at ECF p. 8.] Defendants contend Plaintiffs have known about that robbery incident since the parties met for the initial pretrial conference in this matter on April 10, 2018, were provided a copy of Detective Skeens' investigation report at that time, and had plenty of time to conduct discovery if desired.[2] Yet none of the discovery requests Plaintiffs' cite reference the July 21, 2016, robbery investigation. Plaintiffs' interrogatories and requests for production related solely to the shooting investigation. [Filing No. 58-19; Filing No. 84-1.]

For instance, Interrogatory No. 15 asked, "whether the Defendant City of Indianapolis Police Department undertook any investigation of the confrontation of July 25, 2016, between Decedent, Jeff Tyson, Plaintiff, Dominique Tyson and Defendant Police Officers." [Filing No. 58-19, at ECF p. 15.] This interrogatory related to the events on July 25, which refers to the confrontation and shooting incident; it does not relate to the robbery. Defendants responded that they investigated the incident and provided a summary of that investigation. [Filing No. 58-19, at ECF p. 16.] Similarly, Interrogatory No. 16 asked, "whether the Defendant City of Indianapolis or its Police Department took any statements from any person(s), including but not

---

[2] Since the Court has not had an opportunity to hear form counsel other than through briefing, it is not entirely clear whether Plaintiffs dispute Defendants' claim that the July 21, 2016, robbery incident was disclosed at the initial pretrial conference. Plaintiffs' reply brief indicates that Plaintiffs were at least aware of the incident, as Plaintiffs state: "Plaintiffs only had Defendants' version of the July 21 incident." [Filing No. 91-2, at ECF p. 5.] Thus, while Plaintiffs indeed may have been unaware this particular piece of evidence existed, Plaintiffs have not shown that Defendants had an obligation to disclose this information or that Plaintiffs requested it.

6

limited to the Plaintiffs herein in relation to the confrontation, shooting death of Jeff Tyson and detention of Dominique Tyson on July 25, 2016." [Filing No. 58-19, at ECF p. 16.] Once again, this interrogatory sought information regarding the shooting, not the robbery. Thus, Defendants did not have reason to supplement their response with the new evidence at issue.

Moreover, as noted above, Defendants raised numerous objections to Plaintiffs' interrogatories and requests for production when Defendants received those requests in June 2018. For instance, Defendants objected to both Interrogatory Nos. 15 and 16 for being vague and ambiguous, and noted that each of these requests contained multiple interrogatories, so Defendants only responded to the first part. [Filing No. 58-19, at ECF p. 15-16.] Plaintiffs have not indicated to the Court that any follow up was made regarding Defendants' objections at that time. Plaintiffs have no justifiable basis for failing to exercise due diligence before the discovery deadline expired.

Defendants also contend that the new evidence at issue was not part of the internal affairs investigation and is not evidence Defendants intend to rely on at trial, but rather was cited in Defendants' reply brief to rebut Plaintiffs' claims that Defendants fabricated evidence. [Filing No. 86, at ECF p. 9, 11.] Thus, Requests for Production Nos. 19, 28, and 29, for instance, are inapplicable because the evidence at issue did not support Defendants' defense and Defendants have already acknowledged it cannot be used at trial. [Filing No. 84-1, at ECF p. 9, 12.]

Plaintiffs also argue Detectives Scheid and Skeens were never identified as law enforcement officers in Interrogatory No. 14 or as witnesses in Request for Production No. 30, and Darryan Whorton was not identified as a person interviewed in Interrogatory Nos. 15 or 16. But Defendants identified Detective Skeens on their preliminary witness and exhibit list. [Filing No. 15.] Detective Skeens is the second individual on that list. [Filing No. 15, at ECF p. 1.]

7

And Defendants point out that Detective Scheid and Darryan Whorton did not appear on Defendants' witness list because these individuals relate to the robbery investigation, and Defendants have no intent to call them as a witness in this matter. Defendants also note that Plaintiffs' motion mistakenly claims Detective Skeens, a detective who investigated the shooting incident, took Whorton's statement and prepared the photo array at issue, when in fact it was Detective Scheid, an officer who investigated the robbery incident. [Filing No. 86, at ECF p. 7 and 10.]

While Plaintiffs may have found this newly cited evidence helpful when preparing their case, Plaintiffs have not demonstrated good cause as necessary to reopen discovery this late in the litigation. Plaintiffs had ample opportunity to address Defendants' objections to their discovery requests or seek evidence related to the robbery investigation during the discovery period. Accordingly, Plaintiffs' motion to reopen discovery is denied.

### C. Plaintiffs' Request for Sanctions

Plaintiffs also request that the Court impose sanctions under Fed. R. Civ. P. 37, including an order requiring Defendants to fully supplement their discovery responses, a stay on ruling on Defendants' motion for summary judgment, and an opportunity for Plaintiffs to amend their summary judgment response. [Filing No. 84, at ECF p. 8-9.]. Because the Court denies Plaintiffs' request to reopen discovery, Plaintiffs' motion as it relates to a request for sanctions is denied as moot.

## IV. Conclusion

For the reasons stated above, Defendants' motion to strike [Filing No. 90] is denied and Plaintiffs' motion for leave to file belated reply [Filing No. 91] is granted. Plaintiffs' motion to reopen discovery and for sanctions [Filing No. 84] is denied.

Date: 12/2/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email